DECISION AND ORDER
PER CURIAM.
On September 8, 2010, the Children’s Court Division (Children’s Court), Associate Judge Jenny Lee Kronk presiding, issued an order declining to accept transfer of a state court child custody proceeding involving tribal members [redacted] d.o.b. [redacted] and [redacted], d.o.b. [redacted]. The Children’s Court did not provide notice to the parties or hold a hearing before issuing its Order Declining Transfer. The Tribal Presenting Officer, Matthew Lesky, filed an appeal of the order arguing that the Children’s Court lacked the authority to issue the order. We find that this case is governed by our earlier holding in In the Matter of [redacted], and accordingly, we reverse and remand the lower court’s order, with instructions that the Children’s Court provide notice and hearing for the affected parties and apply Sections V and VI of the LTBB Child Protection Statute in addition to the Indian Child Welfare Act.

Background

The facts of this case have not been developed in the lower court because the lower court did not provide notice to the parties or hold a hearing on the transfer of jurisdiction issue. Consequently, the summary that follows represents the most complete account of relevant undisputed facts that the Appellate Court is able to establish based on statements made in the lower court’s September 8, 2010 order, documents included in the record, and statements made by the Appellant in its brief to the Appellate Court. Where any differences were found in the characterizations of the facts between these three sources, the Appellate Court omits reliance on them in its analysis or specifies the existence of any dispute.
On July 15, 2010, Emmet County Department of Human Services (DHS) removed [redacted], [redacted], and their [redacted] sibling from the care of their mother. Both [redacted] and [redacted] *265 are enrolled in the Little Traverse Bay Bands of Odawa Indians. At the time of the removal, the mother was residing at an address in Harbor Springs, Michigan.
On July 16, 2010, a Preliminary Hearing was held before Judge Mulhauser in Em-met County Probate Court. At the conclusion of that hearing, the two tribal children and their [redacted] sibling were placed under the care and supervision of the Em-met County DHS and placed in foster care in the home of a relative.
The Tribal Presenting Officer filed a formal intervention on July 20, 2010. On August 3, 2010, LTBB Social Services completed a pre-transfer report, which was provided to the Child Welfare Commission. On August 6, 2010, the LTBB Child Welfare Commission submitted a formal recommendation to the Tribal Presenting Officer requesting a transfer of jurisdiction to tribal court.
On August 10, 2010, the Tribal Presenting Officer filed a petition with the Emmet County Probate Court requesting a transfer to tribal court. On that same date, the Emmet County Court held an Emergency Removal Hearing and changed the placement of the tribal children and their sibling to an LTBB licensed foster care home. On August 18, 2010, Judge Mulhauser of the Emmet County Court granted the petition to transfer.
On August 20, 2010, the Tribal Presenting Officer filed a petition in the Tribal Court requesting an order to transfer the case from state to tribal court. The petition requested the transfer of the two tribal children only, excluding their [redacted] sibling.
On September 1, 2010, the LTBB Child Welfare Commission filed anew recommendation with the Tribal Court. This new document indicated that the Commission was abandoning its earlier recommendation in support of the transfer. The new recommendation explained that the Commission had “serious concerns” about a potential separation of the sibling group that might occur if proceedings for the two tribal member siblings were transferred to tribal court without the transfer of proceedings for the third [redacted] sibling. This concern led the Commission to shift its recommendation to one that advocated that the Tribe intervene in the state court case without transfer of the case to the Tribal Court.
On September 8, 2010, without providing advance notice to the affected parties and without holding a hearing, the Tribal Court issued an order declining to accept transfer of the case. In support of its decision to decline transfer, the Tribal Court cited Section 1911(b) of the Indian Child Welfare Act as its sole legal authority. The Tribal Court also supported its decision by explaining the potential harm that [redacted] and [redacted] might suffer if the case were to be bifurcated from their [redacted] sibling’s case in state court.
On September 15, 2010, the Tribal Presenting Officer filed a timely Notice of Appeal requesting that the Appellate Court reverse the decision of the lower court and order that the transfer be granted. The Notice of Appeal stated that the tribal court erred by a) not holding a hearing prior to declining the transfer of jurisdiction; b) failing to apply the tribal law provision of WOS 2009-004, § V(C)(2) to its analysis; and c) improperly construing 25 U.S.C. § 1911(b) of the Indian Child Welfare Act (ICWA) as a source of authority for declining to accept the transfer of the case.
On January 12 and 13, 2011, the Appellate Court received a Statement of Position from the biological mother and father of [redacted] and [redacted]. The father stated that he had indicated in the state *266 court proceeding that he agreed to and desired that the case involving [redacted] and [redacted] be transferred to the tribal court. He confirmed that it remained his desire and legal position that the case should be transferred to the tribal court for the reasons stated by the Appellant. The mother stated that she believed that it would be in the best interests of her children to have all three children’s cases transferred to the jurisdiction of the tribal court. She stated that she does not want her children to be separated from each other by way of separate placements, and she concluded that she is therefore conflicted about the issue of transferring jurisdiction over the case involving [redacted] and [redacted] to tribal court.

Analysis

The Appellate Court begins its analysis by considering whether the Tribal Court was required to give notice to all of the interested parties and hold a hearing prior to issuing its order declining to accept transfer of the child welfare proceeding. The Appellate Court concludes that notice and a hearing were required.
In a decision issued on February 9, 2011, the Appellate Court held that:
With only a few exceptions, the Child Protection Statute requires that the Court provide notice to the parties and hold a hearing every time the Court takes any action with respect to a juvenile under the Court’s jurisdiction. Hearings are required when the Court receives a transfer of jurisdiction from state court (Section VI(D)(7)). In the Matter of T.D.S., LTBB Appellate Court Case No. A-014-0410, February 9, 2011 at 5. (Emphasis added).
The Appellate Court also explained that:
The provisions requiring that the Court provide notice and hold a hearing prior to acting indicate that, taken as a whole, the Child Protection Statute requires notice and a hearing at every juncture when the Children’s Court takes action. The only exceptions to the notice and hearing requirement are narrowly tailored to accommodate cases of emergency conditions where the welfare of a child is endangered. Id. at 6.
The Appellate Court also emphasized the necessity of providing notice to the parties prior to court action:
The Child Protection Statute also expressly affirms the right of parties to receive notice of intended Court action. Section XVII of the Statute affirms the right of a party to be given notice of proceedings in the Children’s Court, unless the Statute specifically exempts the notice requirement. Id. at 8.
In this case, as in In the Matter of [redacted], there is no specific exemption that allows the Court to fail to provide the parties with notice. Furthermore, the issue of whether the Children’s Court would accept or decline transfer of the case from state court proceedings did not represent an emergency situation, since the children were already placed in an LTBB licensed foster care home. Based on the requirements of the Child Protection Statute described above, the Appellate Court concludes that the Children’s Court was required to provide notice to the affected parties and hold a hearing prior to determining whether to accept the petition to transfer jurisdiction of the case.
The Appellant also requests that the Appellate Court order its requested transfer of jurisdiction. The Appellate Court declines to grant this requested relief, on the grounds that resolution of the transfer issue requires the determination of material facts at the trial court level. Specifically, the Appellate Court notes that *267 the issue of transfers of jurisdiction from state to tribal court is governed by the Tribe’s Child Protection Statute as well as ICWA. The application of these two sources of law requires that the Tribal Court determine factual issues such as whether the children were found or reside within reservation boundaries.
The Appellate Court notes that the Children’s Court relied upon a sentence within ICWA as the basis for its authority to decline to accept transfer of the case. That sentence, found within 25 U.S.C. § 1911(b), states that “such transfer [from state to tribal jurisdiction] shall be subject to declination by the tribal court of such tribe.” The tribal court’s reliance on this provision is misplaced. ICWA applies to state court proceedings, and it does not apply to tribal court proceedings unless the tribe has adopted ICWA’s provision as tribal law. A PRACTICAL Guide to the Indian Child WelfaRe Act, The Native American Rights Fund (2007) at 76. ICWA’s language referring to the possibility of tribal court declination of a transfer of jurisdiction merely allows a tribal court to decline a transfer in accordance with its authority under tribal law.
In this case, the applicable tribal law is found in Sections V and VI of the Child Protection Statute, WOS 2009-004, § VVI. Sections V and VI specifically relate to the jurisdiction of the Children’s Court and transfers of jurisdiction, with paragraph V(C) detailing the procedures the Children’s Court must follow for children found or residing on tribal trust lands or elsewhere within the reservation. Part (2) of paragraph V(C) also states that the tribe must accept transfer of jurisdiction of all cases involving children residing on the reservation because tribal jurisdiction is deemed exclusive within reservation boundaries. Part (6) of paragraph VI(D) describes the discretion of the Children’s Court in cases arising outside the Tribe’s reservation boundaries. It states that the Children’s Court may accept or decline petitions to transfer jurisdiction in those instances.
Based on these provisions within ICWA and the Child Protection Statute, the Appellate Court finds that the Children’s Court must ascertain whether [redacted] and [redacted] reside within the Tribe’s reservation boundaries. Based on its factual findings, the Children’s Court must apply the relevant procedure for transfers of jurisdiction spelled out in the Child Protection Statute.

Conclusion

The Appellate Court recognizes that this case presented the Children’s Court with a unique set of facts that, in its own words, has been problematic for the Court as well as for the Tribe’s Human Services Department and Child Welfare Commission. Each of the interested groups is strongly supportive of identifying a method of managing the child welfare proceedings and placements of [redacted], [redacted] and their [redacted] sibling in a way that will prevent their separation from each other and promote the best interests of each. The Children’s Court must attempt to manage these concerns to the best of its ability, within the legal constraints that apply to it. In the order issued below, the Children’s Court took two missteps in its attempt to fulfill its role by first failing to provide notice and a hearing prior to its order declining transfer, and by then failing to acknowledge and apply the provisions of the Child Protection Statute that govern jurisdiction and transfers of jurisdiction.
For these reasons, the Appellate Court hereby REVERSES the order issued by the Children’s Court on September 8, 2010 and REMANDS the case, with instruc *268 tions that the Children’s Court must hold a jurisdictional transfer hearing after providing notice to all of the parties to the case to review the petition to transfer jurisdiction made by the Tribal Presenting Officer and consider whether the petition to transfer should be granted. In its review, the Children’s Court must determine whether a transfer is required under Parts V and VI of the Child Protection Statute.
DECIDED AND APPROVED BY A UNANIMOUS APPELLATE COURT.